UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
MINDY ESPINAL,

                  Plaintiff,

-v-

THE CITY OF NEW YORK,
NYC POLICE DEPARTMENT,
JOHN DOE 1-3,

                  Defendants.
_____X

**COMPLAINT**

**Jury Trial**

The Plaintiff Mindy Espinal by Robert Blossner, Esq., and Vik Pawar, Esq., of Vik Pawar Law, PLLC, through her attorneys complaining of the defendants respectfully alleges, upon information and belief, as follows:

## THE PARTIES

1. Plaintiff Mindy Espinal (hereinafter "plaintiff") was a resident of the City and State of New York.

2. Defendant City of New York ("CITY") is a Municipal Corporation that oversees the New York Police Department (NYPD).

3. That at all times hereinafter mentioned, the Defendant NEW YORK CITY POLICE DEPARTMENT operates the NYPD is a "non-suable" entity and is named as a nominal defendant.

4. That at all times herein mentioned, Defendants, JOHN DOE # 1-3 whose names are currently unknown to the Plaintiff were/are employees of the Defendant City. They are referred to as "individual defendants."

## **CONDITIONS PRECEDENT**

5. That prior to the commencement of this action the Plaintiffs duly filed with defendant CITY Notices of Claim setting forth the time, when and place where the incident which is the subject of the instant lawsuit occurred, the nature and extent of the injuries and damages sustained and the amount claimed therefore.

6. Such claim was presented within ninety (90) days after the causes of action herein accrued.

## **THE FACTS**

7. On November 4, 2020, plaintiff was inside her home when she heard someone banging on her front door.

8. Plaintiff did not know who was at the door and panicked.

9. Plaintiff called her boss and sought his guidance.

10. Plaintiff's boss directed her to call 911, which she did.

11. As plaintiff was on the phone with 911, John and Jane Doe defendants broke down her door and entered the apartment, throwing plaintiff to the ground.

12. They then threw plaintiff around like a rag doll and ransacked her apartment.

13. Defendants then left the disabled and frightened plaintiff on the floor and exited the premises.

## **AS AND FOR A FIRST CAUSE OF ACTION**
(ADA and Excessive Force)

14. Plaintiff repeats and realleges all of the foregoing paragraphs as if fully set forth herein.

15. The individual Defendants knew that plaintiff was disabled and could not come to the

door as quickly as they hoped for.

16. The individual defendants also knew that plaintiff had called 911.

17. However, the individual defendants ignored plaintiff's disability and instead assaulted her.

18. As a result of the Individual Defendants' conduct Plaintiff suffered constitutional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

19. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

20. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

21. The aforementioned conduct was committed by the individual Defendants while acting within the scope of their employment by Defendant City.

22. The aforementioned conduct was committed by individual Defendants while acting in furtherance of their employment by Defendant City.

23. The aforementioned conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

24. As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with the concomitant anguish, embarrassment, humiliation, shock, fright, and loss of freedom.

## AS AND FOR A THIRD CAUSE OF ACTION
(Negligent Screening, Training, Hiring, and Retention under the laws of the State of NY)

25. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the

foregoing paragraphs as if fully set forth herein.

26. Defendant City owed a duty to individuals like plaintiff to properly screen, train, hire and then appropriately discipline its employees.

27. Defendant City breached its duty and failed to use reasonable care in the screening, hiring, retraining and retention of the aforesaid individual Defendants who conducted and participated in the violation of Plaintiff's rights.

28. As a result, plaintiff suffered injuries as described above.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

29. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

30. Defendant City owed a duty to individuals like plaintiff.

31. Defendant City breached its duty when individual Defendants engaged in and participated in the violation of Plaintiff's rights.

32. As a result, plaintiff suffered injuries.

33. Plaintiff's physical and emotional injuries herein were caused by the carelessness, recklessness and negligence of the Defendant and their employees and agents, who were on duty and acting in the scope of their employment engaging in the wrongful conduct described herein.

### AS AND FOR A FIFTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

34. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

35. Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful

conduct described herein that caused plaintiff's irreparable physical and emotional injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the Defendants:

(A) full and fair compensatory damages for each and every cause of action for Plaintiff against Defendants (individually or collectively) as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
July 13, 2023

Vik Pawar, Esq.
20 Vesey Street, Suite 1410
New York, New York 10007
(212) 571-0805

By: /s/ Vik Pawar
Vik Pawar (VP9101)
Robert Blossner (RB0526)